**From: The District Court of the 21st Judicial District.**
**County of Ravalli.**

**STATE OF MONTANA,**
**Plaintiff,**                                    **No. DC-01-155**
**vs.**                                           **Decision**
**KIMBERLIE L. MARQUARDT,**
**Defendant,**

On July 2, 2002, the defendant was sentenced to the following: Count I: Twenty (20) years in the Montana Women's Prison, with ten (10) years suspended; and Count II: Twenty (20) years in the Montana Women's Prison, with ten (10) years suspended, to run concurrently with Count I.

On April 4, 2003, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Bryan Tipp. The state was represented by George Corn, who participated telephonically.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the probationary time period imposed by Judge McLean is clearly excessive. Otherwise, the Division finds the reasons suggested for the decrease to be inadequate. The Division is not reducing the prison term imposed because they do not feel that portion of the sentence is clearly excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified as follows: Count I: Fifteen (15) years in the Montana Women's Prison, with five (5) years suspended; and Count II: Fifteen (15) years in the Montana Women's Prison, with five (5) years suspended, to be served concurrently with Count I.

The reasons for the modification are that this is the defendant's first felony offense; and the Division feels there should be some consideration of the sentence that could have been imposed in the federal system, and has determined that this sentence would be more in line with what might have been imposed under federal law.

Done in open Court this 4th day of April, 2003.

DATED this 23rd day of April, 2003.

Chairperson, Hon. Katherine R. Curtis, Member, Hon. Gary L. Day and Alt. Member, Hon. Diane Barz.